# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS
No.10-834V
Filed: October 8, 2014

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JACOB J POWELL, | * |
| | * |
| Petitioner, | * Damages Decision Based on |
| v. | * Stipulation; Influenza Vaccine; |
| | * Transverse Myelitis, Guillain-Barre |
| SECRETARY OF HEALTH | * Syndrome. |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

Diana S. Sedar, Maglio Christopher and Toale, PA, for petitioner.
Althea W. Davis, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Vowell,** Chief Special Master:

On December 6, 2010, Jacob J. Powell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, et seq.[2] [the "Vaccine Act" or "Program"], alleging that she suffered from Transverse Myelitis/ Guillain-Barre Syndrome, as a result of the influenza vaccine she received on October 2, 2009.

On September 29, 2014, respondent filed a stipulation on award of compensation ("Stipulation") detailing compensation for life care items, lost future earnings, pain and suffering, and past unreimbursed expenses. According to respondent's Stipulation, petitioner agrees to the proposed award of compensation. Pursuant to the terms stated in the attached Stipuation, **I award petitioner:**

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

1. **A lump sum payment of $856,295.72 in the form of a check payable to petitioner, Jacob J. Powell,** representing $233,295.72 for first year life care plan expenses; $23,000.00 for past unreimbursable expenses; $200,000.00 for past and future pain and suffering; and $400,000.00 for past and future lost wages); and

2. An amount sufficient to purchase an annuity contract described in paragraph 10 of the attached Stipulation.

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/Denise K. Vowell
> **Denise K. Vowell**
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JACOB J. POWELL, ) | |
| ) | |
| Petitioner, ) | No. 10-834 |
| ) | Chief Special Master Denise Vowell |
| v. ) | |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Jacob J. Powell, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the Trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his influenza immunization on October 2, 2009.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he sustained the first symptom or manifestation of the onset of Transverse Myelitis on or about October 9, 2009. Petitioner further alleges that he has experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages by him or on his behalf as a result of his condition.

6. Respondent denies that petitioner suffered the onset of Transverse Myelitis, Guillain-Barré Syndrome, or any other injury as the result of his influenza vaccine.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum payment of $856,295.72 (which amount includes $233,295.72 for first year life care plan expenses; $23,000.00 for past unreimbursable expenses; $200,000.00 for past and future pain and suffering; and $400,000.00 for past and future lost wages) in the form of a check payable to petitioner; and

   b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

The above amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract[1] from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner for the following items of compensation:

a. For future unreimbursable insurance expenses for Medicare Part-B premium, beginning on the first anniversary of the date of judgment, an annual amount of $1,258.80, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of five percent (5%), compounded annually from the date of judgment;

b. For future unreimbursable insurance expenses for Medicare Part-B deductible, beginning on the first anniversary of the date of judgment, an annual amount of $147.00, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of five percent (5%), compounded annually from the date of judgment;

c. For future unreimbursable insurance expenses for Medigap insurance (under and over age 65), beginning on the first anniversary of the date of judgment, an annual amount of $4,128.00, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of five percent (5%), compounded annually from the date of judgment;

d. For future unreimbursable insurance expenses for Medicare Part-D Policy (premium, deductible and drug costs), beginning on the first anniversary of the date of judgment, an annual amount of $1,317.00, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of five percent (5%), compounded annually from the date of judgment;

e. For future unreimbursable case management expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,640.00, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

f. For future unreimbursable manual wheelchair expenses, beginning on the first anniversary of the date of judgment, an annual amount of $27.86, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

g. For future unreimbursable wheelchair maintenance expenses, beginning on the first anniversary of the date of judgment, an annual amount of $24.38, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

---

[1] To satisfy the conditions set forth herein, in respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

    h.    For future unreimbursable power wheelchair tires expenses, beginning on the anniversary of the date of judgment in the year 2017, an annual amount of $250.00, then beginning on the anniversary of the date of judgment in year 2018, an annual amount of $83.33, to be paid for the remainder of Jacob Powell's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

    i.    For future unreimbursable wheelchair carrying pack, wheelchair cushion cover, wheelchair lap tray, and wheelchair seat cushion expenses, beginning on the first anniversary of the date of judgment, an annual amount of $227.48, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

    j.    For future unreimbursable storage cabinet expenses, beginning on the first anniversary of the date of judgment, an annual amount of $20.83, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

    k.    For future unreimbursable portable lift, lift sling and batteries for portable lift expenses, beginning on the first anniversary of the date of judgment, an annual amount of $510.18, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

    l.    For future unreimbursable Roho dry flotation mattress or Pegasus expenses, beginning on the first anniversary of the date of judgment, an annual amount of $60.93, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

    m.    For future unreimbursable Lazy Boy chair lift and roll-in shower wheelchair expenses, beginning on the first anniversary of the date of judgment, an annual amount of $90.49, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

    n.    For future unreimbursable lifeline expenses, beginning on the first anniversary of the date of judgment, an annual amount of $419.40, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

    o.    For future unreimbursable diapers, adult diaper doublers, and diaper wipes expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,213.25, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

    p.    For future unreimbursable changing pads expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,255.00 to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

q.  For future unreimbursable betadine expenses, beginning on the first anniversary of the date of judgment, an annual amount of $935.48, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

r.  For future unreimbursable Texas or Condom catheter expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,632.52, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

s.  For future unreimbursable Monistat expenses, beginning on the first anniversary of the date of judgment, an annual amount of $142.32, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

t.  For future unreimbursable non-latex powdered gloves expenses, beginning on the first anniversary of the date of judgment, an annual amount of $289.75, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

u.  For future unreimbursable handheld shower expenses, beginning on the beginning on the first anniversary date of judgment, an annual amount of $4.22, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

v.  For future unreimbursable AFO socks expenses, beginning on the first anniversary of the date of judgment, an annual amount of $87.66, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

w.  For future unreimbursable transfer sheets expenses, beginning on the first anniversary of the date of judgment, an annual amount of $127.95, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

x.  For future unreimbursable triple antibiotic ointment expenses, beginning on the first anniversary of the date of judgment, an annual amount of $75.48, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

y.  For future unreimbursable Certified Nursing Aide (CNA) expenses, beginning on the first anniversary of the date of judgment, an annual amount of $79,440.00, to be paid up to the anniversary of the date of judgment in the year 2033, then beginning on the anniversary of the date of judgment in year 2033, an annual amount of $105,720.00, to be paid for the remainder of Jacob Powell's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

5

z.   For future unreimbursable podiatrist expenses, beginning on the first anniversary of the date of judgment, an annual amount of $230.00, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of five percent (5%), compounded annually from the date of judgment;

aa.   For future unreimbursable van and lift maintenance expenses, beginning on the first anniversary of the date of judgment, an annual amount of $472.10, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment; and

bb.   For future unreimbursable wheelchair modified van expenses, beginning on the first anniversary of the date of judgment, an annual amount of $4,196.40, to be paid for the remainder of Jacob Powell's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and

Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.§ 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and

the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to petitioner resulting from, or alleged to have resulted from, the Trivalent influenza vaccination administered on October 2, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about December 6, 2010, in the United States Court of Federal Claims as petition No. 10-0834V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Trivalent influenza vaccination caused petitioner's Transverse Myelitis, Guillain-Barré Syndrome, or any other injury, or that petitioner's current disabilities are sequelae of his alleged vaccine-related injury.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

9

Respectfully submitted,

PETITIONER:

*[signature]*
JACOB J. POWELL

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*
DIANA STADELNIKAS SEDAR, ESQ.
Maglio Christopher & Toale, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
Tel: (941) 952-5242

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*
A. MELISSA HOUSTON, M.D.
Acting Director, Division of Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-0515

Dated: 29 September 2014