**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**
No. 10-834V
Filed: June 5, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| JACOB J. POWELL, | \* |
| | \* |
| Petitioner, | \*   Attorney Fees and Costs; |
| v. | \*   Stipulation |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Diana S. Sedar, Maglio Christopher and Toale, PA, for petitioner.
Althea W. Davis, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

**Vowell,** Chief Special Master:

In this case under the National Vaccine Injury Compensation Program [hereinafter "the Program"],[2] the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs ["Stipulation"] on June 4, 2015. The Stipulation indicates that, after informal discussions with respondent, petitioner now requests an amount to which respondent does not object. Pursuant to General Order #9, the Stipulation also indicates that petitioner has not incurred any costs in pursuit of the claim.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

reasonable and appropriate.  **Accordingly, I hereby award the total $78,500.00[3] as follows:**

- **a lump sum of $78,500.00 in the form of a check payable jointly to petitioner, Jacob Powell, and attorney Diana L. Stadelnikas Sedar for petitioner's attorney fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                                  **s/Denise K. Vowell**
                                                  **Denise K. Vowell**
                                                  Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).